1  Tina Wolfson SBN 174806
   twolfson@ahdootwolfson.com
2  Alex R. Straus, SBN 321366
   astraus@ahdootwolfson.com
3  AHDOOT & WOLFSON, PC
4  10728 Lindbrook Drive
   Los Angeles, CA 90024
5  Tel: 310-474-9111; Fax: 310-474-8585

6  *Counsel for Plaintiff, Aichi Ali, individually and
   on behalf of all others similarly situated*
7

8                    **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9

10

11  AICHI ALI, individually and on behalf of all    | Case No.
    others similarly situated,

12                                                  | **CLASS ACTION COMPLAINT**
                          Plaintiffs,
13        v.                                        | JURY TRIAL DEMANDED

14  GOOGLE INC.,

15                        Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28

---

CLASS ACTION COMPLAINT

**I.       INTRODUCTION**

1. Defendant Google, Inc. ("Google") is the developer of a mobile operating system and the developer of mobile applications used on smart phones and computers.

2. Using its operating system and mobile applications, Google tracks and stores information about the location of millions of users across the United States and around the world. This information is then used, distributed, and monetized by Google.

3. The information tracked and stored is a snapshot of the users' location, precise to the square foot. In some circumstances – automatic daily weather updates, for example – Google pinpoints users' location on a continuous basis.

4. Google provides instructions for users who wish to deactivate Goggle's ability to track and store location data. However, the instructions provided by Google to its users, and the public at large, were inaccurate. Upon information and belief, Google intentionally provided inaccurate instructions.

5. Google explicitly represented that its users could prevent Google from tracking their location data by disabling a feature called "Location History" on their devices. Google stated: "With Location History off, the places you go are no longer stored." This statement is false. Turning off the "Location History" setting merely stops Google from adding new locations to the "timeline" accessible by users. In secret, Google was still tracking, storing, and monetizing all the same information.

6. The secret trick hidden from Google's users was turning off the "Web & App Activity" setting. The "Web & App Activity" feature is activated by default on both iPhone and Android devices, and there is nothing in the name or description provided by Google to suggest that its functionality was in any way related to tracked or stored location data.

7. In the digital age, with pinpoint satellite images and instant access to information, location data represents one of the most valuable privacy interests. Chief Justice John Roberts of the Supreme Court of the United States, in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), explained the potential sensitivity and value of people's location data generated via mobile device:

> [A] cell phone—almost a feature of human anatomy—tracks nearly exactly the movements of its owner.… A cell phone faithfully follows its owner beyond public thoroughfares and into

private residences, doctor's offices, political headquarters, and other potentially revealing locales, and when a third-party has access to the information stored on one's cell phone, that entity achieves near perfect surveillance, as if it had attached an ankle monitor to the phone's user.

*Id.* at 2218 (internal quotations and citations omitted).

8. Google's surreptitious tracking and storing of its users precise locations is in violation of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630, *et seq.* ("CIPA") and California's Constitutional Right to Privacy, and amounts to an unlawful intrusion upon seclusion.

## II.   THE PARTIES

9. Plaintiff Aichi Ali ("Plaintiff") resides in Los Angeles, California. Plaintiff owned and used an Apple iPhone with Google apps and functionalities beginning prior to 2016 and continues to the present. Plaintiff followed directions provided by Google to turn off the Location History settings in an attempt to stop Google from tracking and storing her location data. Despite Plaintiffs efforts, Google continued to track her location information.

10. Defendant Google, Inc. is a United States corporation headquartered in Mountain View, California, and incorporated under the laws of Delaware.

## III.   JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1367 because this is a class action in which the matter or controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and in which some members of the proposed Class are citizens of a state different from defendant.

12. This Court has personal jurisdiction over Defendant because Defendant owns and operates a business that is headquartered in the Northern District of California and conducts substantial business throughout California.

13. Google is headquartered in this district and, thus, venue properly lies in this district pursuant to 28 U.S.C. § 1391(b)(1).

## IV.   STATEMENT OF FACTS

14. Software that allows a user to run applications on a computing device, such as a mobile phone or tablet, is called an operating system.

15. Google developed the Android operating system and Apple developed the iOS operating system. Google also develops apps that can be downloaded on Android and iOS devices.

16. Google expressly represented to users of both its apps and its devices that its users' location history could not be accessed if the users took steps consistent with instructions on Google's customer support page.

17. The relevant section of Google's support page is as follows: "You can turn off Location History at any time. With Location History off, the places you go are no longer stored. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account."

18. Plaintiff believed Google' representations and followed the instructions provided by Google's in an effort to stop Google from tracking and storing her location data.

19. Google's express representations were false.

20. The truth is that turning off "Location History" only prohibited Google from creating a location timeline that the user could view. However, even with "Location History" turned off, Google continues to track and store the users' location data.

21. The option which controls whether Google tracks and stores user information is called the "Web & App Activity" feature. Google made no attempt to inform its users of the true functionality of the "Web & App Activity" feature and explicitly misinformed its users and/or omitted relevant information regarding those functionalities.

22. In order to successfully stop Google from tracking and storing location information iPhone users must first sign in to their Google account on a browser. Users must then find "Google Account" in the dropdown menu, then select "Personal Info & Privacy," then choose "Manage your Google Activity," then click "Go to Activity Controls," then finally toggle off the "Web & App Activity" setting.

23. This process is not an intuitive process. There is no logical link between location tracking and the "Web & App Activity" setting. Google further obscures any such linkage by describing the functionality of the "Web & App Activity" setting as follows: "[Web & App Activity] saves your activity on Google sites and apps to give you faster searches, better recommendations, and

more personalized experiences in Maps, Search, and other Google services." This description does not reference or insinuate any connection to location tracking or storing of location data.

24. Google support pages include three separate location-related informational links: (1) "Manage or delete your Location History"; (2) "Turn location on or off for your Android Device"; and (3) "Manage location settings for Android apps." However, not one of these informational links includes any reference to the critical "Web & App Activity" setting. Thus, Google's instructions intentionally omit all references to the one step most critical to accomplishing users' goal of stopping Google from tracking and storing their location data.

25. On August 13, 2018, the Associated Press ("AP") published an expose titled: *AP Exclusive: Google tracks your movements, like it or not.*

26. Three days later, on August 16, 2018, Google edited the description on its support page related to the "Location History" to read:

> This setting does not affect other location services on your device, like Google Location Services and Find My Device. Some location data may be saved as part of your activity on other services, like Search and Maps. When you turn off Location History for your Google Account, it's off for all devices associated with that Google Account.

27. This revision marked the first time Google disclosed to its users that their location data is tracked regardless of whether the "Location History" setting has been turned off.

28. However, even this revised language: (1) does not fully disclose the functionality of the "Location History" setting; (2) does not specify the criteria or instances in which Google continues to store location history despite the setting being turned off; or (3) does not include any reference to the critical "Web & App Activity" feature controlling users' ability to stop Google from recording their location history.

   a. **The FTC has Found that Conduct Consistent with that Alleged Against Google Herein Is a Deceptive Trade Practice.**

29. The Federal Trade Commission ("FTC") has previously determined that conduct consistent with Plaintiff's allegations against Google amounts to a deceptive trade practice, in violation of Section 5 of the FTC Act.

30. In June 2016, InMobi PTE ("InMobi"), a mobile advertising company, was alleged to have deceptively tracked the locations of hundreds of millions of individuals without their knowledge or consent, in some cases even after permission was denied, and that the information was being monetized by InMobi.

31. The court ultimately entered judgment in the amount of $4 million against InMobi, pursuant to a settlement agreement in which InMobi agreed to pay $950,000 in civil penalties with the remainder suspended subject to certain conditions placed upon InMobi. The settlement agreement also included permanent injunctive relief, including a prohibition from collecting individuals' location information without their affirmative express consent and a requirement that InMobi honor consumers' location privacy settings. InMobi was also required to delete all of the location information of consumers it had collected without their consent and was prohibited from further misrepresenting its privacy practices. The settlement also required InMobi to institute a comprehensive privacy program that will be independently audited every two years for 20 years from the date of settlement.

32. While the InMobi litigation and settlement are not directly related to this litigations, the allegations against InMobi are consistent with those alleged against Google herein. And Google's conduct mirror the location tracking activities condemned and sanctioned by the FTC.

**V.     CLASS ALLEGATIONS**

33. Plaintiff brings this class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of all members of the following classes (collectively, "Class"):

   a. **iPhone Class:** All natural persons residing in the United States who own Apple mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google. **Android Class:** All natural persons residing in the United States who own Android mobile phones, who turned off Location History, and whose location information was nonetheless recorded and used by Google.

34. Excluded from each Class are the following individuals: officers and directors of Google and its parents, subsidiaries, affiliates, and any entity in which Google has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

35. Plaintiff reserves the right to modify or amend the definition of each of the proposed Classes before the Court determines whether certification is appropriate.

36. This action readily satisfies the requirements set forth under Federal Rule of Civil Procedure 23:

   a. Each Class is so numerous that joinder of all members is impracticable. Upon information and belief, Class members number in the millions.
   b. There are questions of law or fact common to the Classes. These questions include, but are not limited to, the following:
      i. Whether Google's alleged conduct amounts to the use of an electronic tracking device to determine the location or movement of a person, in violation of Cal. Pen. Code § 637.7;
      ii. Whether the technology utilized by Google are "electronic tracking devices" under Cal. Pen. 6Code § 637.7(d);
      iii. Whether Google's alleged conduct amounts to egregious breaches of social norms;
      iv. Whether Google acted intentionally in violating Plaintiff's and Class members' privacy rights;
      v. Whether an injunction should issue; and
      vi. Whether declaratory relief should be granted.
   c. Plaintiff's claims are typical of the claims of the Class in that Plaintiff, like all Class members, took efforts to prevent google from tracking, storing, and monetizing her mobile device's location history, yet despite these efforts and its explicit representations Google tracked, stored, and monetized Plaintiff's location data without consent.
   d. Plaintiff, consistent with all Class members, suffers a substantial risk of repeated injury in the future. Google's deceptive practices evidence an unwillingness to honor the request by its users to block location data tracking and storing.  Modern life in the U.S. all-but requires Plaintiff and the Class to utilize mobile phones and other mobile devises, and Google, its operating system, and apps are ubiquitous on these mobile devices, causing Google's deceptive and deliberate conduct to threaten Plaintiff and the Class' ability to utilize these

devices without having their location data tracked, stored, and monetized without their consent. Plaintiff and the Class members are entitled to injunctive and declaratory relief as a result of the systemic conduct alleged herein because the conduct complained of herein is placing Plaintiff and all Class at substantial risk of the same or substantially similar injury in the future. Google's conduct is common to all Class members and represents a common thread of conduct resulting in injury to all members of the Class. Plaintiff has suffered the harm alleged and has no interests antagonistic to any other Class member.

e. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests do not conflict with the interests of the Class members. Plaintiff has retained competent counsel experienced in class action litigation, consumer protection litigation, and electronic privacy litigation. Plaintiff's counsel will fairly and adequately protect and represent the interests of the Class. Thus, FRCP 23(a)(4) and 23(g) are satisfied.

f. In acting as alleged herein, and in failing and/or refusing to cease and desist despite public outcry, Google has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Google. Injunctive relief is necessary to prevent further unlawful and unfair conduct by Google. Monetary damages, alone, could not afford adequate and complete relief. Injunctive relief is necessary to restrain Google from continuing to commit its unlawful and unfair violations of privacy.

## COUNT ONE
### Intrusion Upon Seclusion

37. Plaintiff repeats and realleges all preceding paragraphs contained herein.

38. Plaintiff and Class members have reasonable expectations of privacy in their mobile devices. Plaintiff's and Class members' private affairs include their locations.

39. The reasonableness of such expectations of privacy is supported by Google's unique position to monitor Plaintiff's and Class members' behavior through its access to their private mobile devices. It is further supported by Plaintiff and the Class members' overt acts to block Google form tracking and storing this information, their efforts to follow the instruction provided by Google to protect their privacy in this way, and Google's surreptitious and illogical conduct to achieve the tracking and storing of sensitive information alleged herein.

40. Google intentionally intruded on and into Plaintiff's and Class members' solitude, seclusion, or private affairs by intentionally geolocating them and using that information for commercial purposes.

41. These intrusions are highly offensive to a reasonable person. This is evidenced by, *inter alia*, Supreme Court precedent in *Carpenter* discussed herein, legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking. Google engaged in the tracking of location history deceptively and in direct contradiction of the express instructions of Plaintiff and the members of the Class. Also supporting the highly offensive nature of Defendant's conduct is the fact that Defendant's principal goal was to surreptitiously monitor Plaintiff and Class members and to allow third-parties to do the same, in part, for Google's financial gain.

42. Plaintiff and Class members were harmed by the intrusion into their private affairs as detailed throughout this Complaint.

43. Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

44. As a result of Google's actions, Plaintiff and Class members seek damages and punitive damages in an amount to be determined at trial. Plaintiff and Class members seek punitive damages because Google's malicious, oppressive, and willful conduct were calculated to injure Plaintiff and Class members and made in conscious disregard of Plaintiff's and Class members' rights. Punitive damages are warranted to deter Google from engaging in future misconduct.

**COUNT TWO**
**Violations of CIPA, Cal. Pen. Code §§ 630, *et seq.***

45. Plaintiff incorporates the preceding paragraphs of this complaint as if repeated here.

46. Pursuant to Cal. Pen. Code § 630:

> "[t]he Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communication and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."

47. Google's acts and practices complained of herein, engaged in for purposes of acquiring and using the geolocation of mobile phone users, without their consent, and indeed in direct contravention of instructions clearly expressed through turning off the location history function, violated and continues to violate Cal. Pen. Code § 637.7.

48. Cal. Pen. Code § 637.7 prohibits the use of an electronic tracking device to determine the location or movement of a person.

49. In direct violation of this prohibition, without the consent of Plaintiff or Class members, and in direct violation of Plaintiff and the Class' demand communicated through their actions intended to block Google's location data tracking and storing, Google continued to record, store, and monetize the location information of Plaintiff and Class members after they disabled the "Location History" feature on their devices.

50. As described herein, Google utilized multiple devices that are "electronic tracking devices" and meet the definition of "moveable thing" in Cal. Pen. Code § 637.7(d), in that Google employs and embeds a host of technology, including but not limited to apps, firmware, device components, operating system software, and other code, on each Class member's device and this technology "reveals its location or movement by the transmission of electronic signals."

51. As a result of Google's violations of Cal. Pen. Code § 637.7, and pursuant to Cal. Pen. Code § 637.2, Plaintiff and Class members are entitled to the following relief:

    a. A declaration that Google's conduct violates CIPA;

    b. Statutory damages and/or trebled actual damages;

    c. Injunctive relief in the form of, *inter alia*, an order enjoining Google from geolocating Class members in violation of CIPA;

    d. Injunctive relief in the form of, *inter alia*, an order requiring Google to destroy all data created or otherwise obtained from its illegal geolocation of Class members; and

    e. An award of attorney's fees and costs of litigation as provided by CIPA, the private attorney general doctrine existing at common law and also codified at California Civil Code Section 1021.5, and all other applicable laws.

## COUNT THREE
### California Constitutional Right to Privacy

52. Plaintiff repeats and realleges all preceding paragraphs contained herein.

53. Plaintiff and Class members have reasonable expectations of privacy in their mobile devices and their online behavior, generally. Plaintiff's and Class members' private affairs include their behavior on their mobile devices as well as any other behavior that may be monitored by the surreptitious tracking employed or otherwise enabled by location tracking.

54. Google intentionally intruded on and into Plaintiff's and Class members' solitude, seclusion, right of privacy, or private affairs by intentionally tracking their location.

55. These intrusions are highly offensive to a reasonable person, because they disclosed sensitive and confidential location information, constituting an egregious breach of social norms. This is evidenced by, *inter alia*, Supreme Court precedent the *Carpenter*, legislation enacted by Congress, rules promulgated and enforcement actions undertaken by the FTC, and countless studies, op-eds, and articles decrying location tracking. Further, the extent of the intrusion cannot be fully known, as the nature of privacy invasion involves sharing Plaintiff's and Class members' location information with potentially countless third-parties, known and unknown, for undisclosed and potentially unknowable purposes, in perpetuity.

56. Plaintiff and Class members were harmed by the intrusion into their private affairs as detailed herein.

57. Google's actions and conduct complained of herein were a substantial factor in causing the harm suffered by Plaintiff and Class members.

58.     As a result of Google's actions, Plaintiff and Class members seek damages and punitive damages in an amount to be determined at trial. Plaintiff and Class members seek punitive damages because Google's malicious, oppressive, and willful conduct was calculated to injure Plaintiff and Class members and made in conscious disregard of Plaintiff's and Class members' rights. Punitive damages are warranted to deter Google from engaging in future misconduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered against Google and that the Court grant the following:

a. An order determining that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff is a proper class representative, that Plaintiff's attorneys shall be appointed as Class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and that Class notice be promptly issued;

b. Judgment against Google for Plaintiff's and Class Members' asserted causes of action;

c. Appropriate declaratory relief against Google;

d. Injunctive relief in the form of, *inter alia*, an order enjoining Google from continuing its practice of recording and using Plaintiff's and Class members' location information against their wishes and in violation of CIPA;

e. Injunctive relief related to CIPA in the form of, *inter alia*, an order requiring Google to destroy all data acquired, created, or otherwise obtained from the unlawful recording and use of the location information of Plaintiff and Class members;

f. An award of damages pursuant to Cal. Pen. Code § 637.2;

g. Reasonable attorney's fees and costs reasonably incurred; and Any and all other and further relief to which Plaintiff and the Class may be entitled.

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 12, 2018         Respectfully submitted,

**AHDOOT & WOLFSON, PC**

_____
Alex R. Straus
Tina Wolfson
Robert Ahdoot
10728 Lindbrook Drive
Los Angeles, California 90024
Tel: 310-474-9111
Fax: 310-474-8585
Email: rahdoot@ahdootwolfson.com
twolfson@ahdootwolfson.com
rahdoot@ahdootwolfson.com
astraus@ahdootwolfson.com

*Counsel for Plaintiff, AICHI ALI, individually and on behalf of all others similarly situated.*

**AFFIDAVIT OF ALEX R. STRAUS**

I, Alex R. Straus, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiffs Aichi Ali in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Based on my research and personal knowledge, Defendant Google, Inc. does business and is headquartered within the County of Alameda, California.

I declare under penalty of perjury under the laws of the United States and the State of California this October 12, 2018 in Westwood, California that the foregoing is true and correct.



Alex R. Straus

CLASS ACTION COMPLAINT